CC-1999-308                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>    v.<br><br>Javier a. Rivera Rodríguez<br>    Peticionario | Certiorari<br><br>2000 TSPR 34 |

Número del Caso: CC-1999-0308

Fecha: 29/02/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Ismael Colón Birriel

Abogados de la Parte Peticionaria: Lcda. Cándida Valdespino Zapata

Oficina del Procurador General: Lcda. Eunice Amaro Garay
                                Procuradora General Auxiliar

Materia: Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

  Recurrido

  v.                                    CC-1999-308          Certiorari

               Javier A. Rivera Rodríguez

  Peticionario

Opinión del Tribunal emtida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 29 de febrero de 2000.

Nos corresponde resolver en qué momento procesal puede presentarse una moción de desestimación de una denuncia por delito grave por una violación al término establecido en la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n)(5) que dispone para la desestimación cuando el imputado ha estado detenido en la cárcel por un total de treinta (30) días sin que se le hubiese celebrado vista preliminar en los casos en que deba celebrarse.

I

El 17 de noviembre de 1998, el Ministerio Público presentó contra el Sr. Javier A. Rivera Rodríguez dos denuncias por infracción al

Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401, por posesión de marihuana y cocaína, con intención de distribuir. Se determinó causa probable para su arresto en presencia del imputado, y se fijó una fianza de $5,000.00 en cada caso. Al no poder prestar la fianza, el señor Rivera Rodríguez fue ingresado a la Cárcel Regional de Bayamón y se señaló la vista preliminar para el 9 de diciembre de 1998.

El 9 de diciembre el señor Rivera Rodríguez no fue trasladado del penal al tribunal. El testigo de cargo, Sargento José González y el abogado del imputado tampoco comparecieron. Por estas razones la vista preliminar fue transferida para el 16 de diciembre y la conferencia entre el imputado y su abogado con antelación a la vista preliminar fue señalada para el 14 de diciembre.

El 16 de diciembre no pudo celebrarse la vista preliminar ya que el señor Rivera Rodríguez tampoco fue llevado al tribunal. Ese mismo día el alguacil de sala informó que el señor Rivera Rodríguez no había comparecido a la conferencia señalada para el día 14 de diciembre de 1998 por estar en cuarentena.

La vista preliminar fue nuevamente transferida para el 23 de diciembre de 1998 y la conferencia entre el imputado y su abogado con antelación a la vista preliminar para el 17 de diciembre. Posteriormente la vista preliminar fue reseñalada para el día 20 de enero de 1999. En dicha ocasión, el señor Rivera Rodríguez tampoco fue llevado al tribunal, por lo que la vista preliminar fue nuevamente transferida para el 27 de enero de 1999 y la conferencia del imputado con su abogado con antelación a la vista preliminar fue señalada para el 21 de enero.

El 27 de enero de 1999, llamado el caso para la celebración de la vista preliminar, la representación legal del señor Rivera Rodríguez solicitó la desestimación de las denuncias, amparándose en lo dispuesto en la Regla 64(n)(5), la cual dispone que se podrá solicitar la desestimación de una denuncia cuando el acusado estuvo detenido en la

cárcel por un total de treinta (30) días después de su arresto sin que se hubiere celebrado la vista preliminar en los casos en que deba celebrarse. Alegó la defensa que el señor Rivera Rodríguez estuvo sumariado por un total de setenta y un (71) días desde su arresto, y que no se había certificado la alegada cuarentena.

La solicitud del peticionario fue declarada no ha lugar por insuficiencia en derecho, y procedió el tribunal a celebrar la vista preliminar y a determinar causa probable para acusar por ambas denuncias de infracción al Art. 401 de la Ley de Sustancia Controladas. El acto de lectura de acusación se celebró el 11 de febrero de 1999, y el juicio se señaló para el 4 de marzo de ese mismo año.

Inconforme con tal determinación, el 12 de febrero de 1999, el señor Rivera Rodríguez presentó recurso de certiorari al Tribunal de Circuito de Apelaciones, señalando como único error que se violentó su derecho a juicio rápido al declarar no ha lugar su solicitud de desestimación de las denuncias, y al haber procedido con la vista preliminar a pesar de haber transcurrido el término de treinta (30) días que dispone la Regla 64(n)(5).

El Tribunal de Circuito de Apelaciones desestimó el recurso presentado ante su consideración por entender que carecía de jurisdicción para entender en el mismo. Adujo que de acuerdo a la Regla 63 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R.63, el peticionario debió presentar su moción de desestimación basada en la Regla 64(n)(5) en el tribunal de instancia y que disponía para ello, luego de efectuado el acto de lectura de las acusaciones, el plazo para alegar que le concede la Regla 59 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R.59.[1]

Inconforme con tal determinación, el señor Rivera Rodríguez presentó oportunamente ante nos un recurso de certiorari. El 11 de

---

[1] De acuerdo a la Resolución del Tribunal de Circuito de Apelaciones sólo después de haber presentado su moción de desestimación de acuerdo a lo que disponen las citadas reglas, y haberle sido adversa la resolución emitida, podía entender en el asunto el tribunal apelativo.

junio de 1999 ordenamos al Procurador General mostrar causa por la cual

no debíamos revocar la sentencia del tribunal apelativo. Examinada la

comparecencia del Procurador General resolvemos según lo intimado.

                                    II

La Regla 64, en lo pertinente, dispone:

> Una moción para desestimar basada en lo provisto en esta
> regla deberá presentarse, excepto por causa debidamente
> justificada y fundamentada, por lo menos veinte (20) días
> antes del juicio, salvo lo dispuesto en la Regla 63.

Por su parte, la Regla 63 de Procedimiento Criminal, 34 L.P.R.A.

Ap. II, R.63 dispone:

> Excepto las defensas de falta de jurisdicción del
> tribunal y la de que no se imputa delito, las cuales podrán
> presentarse en cualquier momento, **cualquier defensa u
> objeción susceptible de ser determinada sin entrar en el caso
> en su fondo se deberá promover mediante moción presentada al
> hacerse alegación de no culpable o antes de alegar**, pero el
> tribunal podrá permitir por causa justificada la presentación
> de dicha moción dentro de un período no mayor de veinte (20)
> días después del acto de lectura de la acusación en los casos
> en que deba celebrarse dicho acto. Cuando se hubiere
> entregado personalmente al acusado una copia de la acusación,
> el término para la  presentación de esta moción será de no
> más de veinte (20) días desde que el acusado hubiese
> respondido. Cuando no hubiese contestado, el término será de
> no más de veinte (20) días después de que se registre la
> alegación de no culpable.
>
> La moción incluirá todas las defensas y objeciones de
> tal índole de que pueda disponer el acusado. La omisión de
> presentar cualquiera de dichas defensas u objeciones en el
> término dispuesto constituirá una renuncia de la misma, pero
> el tribunal podrá eximir al acusado, por causa justificada,
> de los efectos de tal renuncia.
>
> Una moción para desestimar basada en lo provisto en la
> Regla 64(n)(3) ó (4) deberá presentarse antes de ser llamado
> el caso para juicio.

Es decir, mientras la Regla 64 dispone que la moción para

desestimar deberá presentarse, excepto por causa debidamente

justificada y fundamentada, por lo menos veinte días antes del juicio,

salvo lo dispuesto en la Regla 63, la Regla 63 ordena que cualquier

defensa u objeción susceptible a ser determinada sin entrar en el caso

en su fondo, se deberá promover mediante moción presentada al hacerse

la alegación de no culpable, o antes de alegar, pero el tribunal podrá

permitir por causa justificada la presentación de dicha moción dentro de un periodo no mayor de veinte (20) días después del acto de lectura de la acusación.

La correcta adjudicación de este recurso requiere que armonicemos las disposiciones de las Reglas 63 y 64 de Procedimiento Criminal, así como nuestra jurisprudencia anterior. Como es sabido, en la encomienda de precisar la voluntad del legislador, debemos presumir la sensatez y razonabilidad de los actos legislativos y rechazar una interpretación que conduzca a una conclusión absurda. Municipio de San Juan v. Banco Gubernamental de Fomento, res. el 21 de mayo de 1996, 140 D.P.R. ___ (1996).

En primer lugar, debemos señalar que la Regla 64 es el mecanismo procesal disponible para solicitar **tanto una desestimación de una acusación como de una denuncia.**

De ordinario, en los casos de delito grave, en los que el acusado lo que solicita, una vez determinada causa probable para acusar en vista preliminar, es la desestimación de la acusación, la moción de desestimar debe presentarse en el acto de lectura de la acusación, al hacer la alegación de no culpable, o antes de alegar. La Regla 63 hace la salvedad de que, por causa justificada, la moción podrá ser presentada dentro de veinte (20) días después del acto de lectura de la acusación, o en aquellos casos en que se le entregó personalmente copia de la acusación desde que el acusado hubiese respondido, o después de que, por falta de contestación del acusado, se haya registrado su alegación de no culpable. Por su parte, la Regla 64 establece, que las mociones de desestimación al amparo de dicha regla deberán presentarse, salvo causa debidamente justificada, por lo menos veinte días antes del juicio, salvo lo dispuesto en la Regla 63.

Una lectura integral de lo dispuesto en ambas reglas nos lleva a concluir que, de ordinario, y salvo las excepciones dispuestas en ley, o por la existencia de causa justificada, la moción de **desestimación de la acusación**, al amparo de lo dispuesto en la Reglas 63 y 64, deberá

ser presentada al momento de hacer la alegación de no culpable o antes de alegar, pero dicha fecha deberá ser por lo menos veinte días antes del juicio. Ernesto Chiesa, II Derecho Procesal Penal, sec. 26.1 (1993).

En cuanto a las mociones de desestimación de casos de delitos menos graves, donde el pliego acusatorio es la denuncia, y se prescinde de la celebración de una vista preliminar, así como del acto formal de lectura de la acusación, la moción de desestimar deberá ser presentada por lo menos veinte días (20) antes de juicio, salvo causa justificada. Ernesto Chiesa, supra, secc. 26.1.

Nuestra jurisprudencia ha tenido la oportunidad de examinar cuál es el momento para solicitar la desestimación de una denuncia en casos por delito grave. Pueblo v. Jiménez Cruz, res. 17 de junio de 1998, 98 TSPR 76.[2]

En Pueblo v. Jiménez Cruz, supra, examinamos cuándo es que procede presentar una moción para desestimar una denuncia por delito grave al amparo de la Regla 64(p), la cual reconoce como fundamento para la desestimación de la denuncia o acusación que no se determinó "causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho".

En dicha ocasión resolvimos que la moción para revisar una determinación de causa probable bajo la Regla 64(p), en relación a la imputación de un delito grave, sólo procede tras haberse presentado la acusación por delito grave, luego de celebrada la vista preliminar. Aclaramos que, en casos por delito grave, la moción de desestimación bajo la Regla 64(p) no tiene otro efecto que el de revisar la

---

[2] Véase además, Pueblo v. Montezuma Martínez, 105 D.P.R. 710 (1977), en donde resolvimos que el vehículo procesal adecuado para solicitar el archivo de una causa de acción por delito grave por haber pasado más de sesenta días desde el arresto del acusado sin que se hubiese celebrado vista preliminar es la Regla 64 (n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 64 (n)(2), y no la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 247. Esto sin impedimento de que se pueda instar un nuevo proceso, en virtud de lo dispuesto en la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 67.

determinación de causa probable para acusar hecha después de celebrada la vista preliminar, y la misma no está disponible para revisar, en casos de delito grave, la determinación de causa probable para arrestar. Esto es así ya que según concluimos, una determinación de causa probable para acusar luego de celebrada la vista preliminar, subsana cualquier error que hubiese habido en la determinación de causa probable para arrestar. Por dicha razón, en casos por delito grave, la Regla 64(p), no está disponible para revisar la determinación de causa probable para arresto.

Nos corresponde examinar cuál es el alcance de nuestros pronunciamientos en <u>Pueblo</u> v. <u>Jiménez Cruz</u>, *supra.*[3] En particular debemos determinar si en aquellas situaciones como las de autos, en las que el imputado que está encarcelado alega una violación a su derecho a juicio rápido por no haberse celebrado dentro del término de treinta (30) días la vista preliminar, se debe requerir que el imputado espere hasta la celebración de la vista preliminar antes de presentar una moción de desestimación. Estimamos que, dada la naturaleza de la Regla 64(n)(5), situaciones como la de autos, no están cobijadas por la norma establecida en <u>Pueblo v. Jiménez Cruz</u>, *supra,* respecto a la Regla 64(p). Veamos.

---

[3] Tomamos conocimiento judicial de que, en atención a la norma establecida en <u>Pueblo</u> v. <u>Jiménez Cruz</u>, *supra,* los tribunales inferiores han determinado que, en casos de delitos graves, una moción de desestimación al amparo **de cualesquiera de los incisos** de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. R. 64, sólo puede presentarse después de radicada la acusación y no antes. <u>Pueblo</u> v. <u>Frankie Ramos</u>, KLC9900170, res. de 3 de marzo de 1999. En <u>Frankie Ramos</u> el imputado solicitó desestimación de las denuncias en su contra por infracción a los términos de juicio rápido, al no haberse celebrado la vista preliminar en alzada dentro de los sesenta días de la determinación de inexistencia de causa en la vista preliminar. Regla 64 (n)(6) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64 (n)(6), según interpretada en <u>Pueblo v. Vélez Castro</u>, 105 D.P.R. 246 (1976).

III

Como parte de la protección constitucional del derecho a juicio rápido consagrado en el Artículo II sección 11 de nuestra Constitución[4], la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap.II, R. 64(n)(5) dispone:

> La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:
>
> .......................................
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> .......................................
>
> **(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos en que deba celebrarse.**
>
> .......................................
>
> Una moción para desestimar basada en lo provisto en esta regla deberá presentarse, excepto por causa debidamente justificada y fundamentada, por lo menos veinte (20) días antes del juicio, salvo lo dispuesto en la Regla 63.

Un examen de la Regla 64(n) nos demuestra que la regla dispone los términos de juicio rápido para varias etapas procesales. La Regla 64(n)(5) en particular, dispone que un imputado puede solicitar la desestimación del pliego acusatorio cuando hubiese estado detenido en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiese celebrado la vista preliminar, a no ser que se demuestre justa causa para la demora o la demora se deba a causas imputables al acusado o éste haya prestado su consentimiento. El término de treinta (30) días fue el que el legislador consideró constitucionalmente razonable, para, en atención a los requisitos procesales que conlleva la celebración de una vista preliminar, salvaguardar el derecho constitucional a juicio rápido consagrado en nuestra Constitución.

---

[4] En t**odos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público....**

Es forzoso concluir que en casos como el de autos, en que la propia regla dispone para la desestimación de la denuncia o acusación por una violación al derecho a juicio rápido que ocurre por no haberse celebrado la vista preliminar en los términos dispuestos por la Regla 64 (n)(5) y (6), la regla se refiere a la desestimación de la denuncia, independientemente de la clasificación del delito imputado. Por definición, de lo que se trata es de una violación que ocurre antes de la celebración de la vista preliminar, por precisamente haber excedido los términos dispuestos para su celebración. En dichos casos, el efecto práctico del incumplimiento con los términos pautados en la Regla 64(n)(5) y (6), no puede ser la desestimación de una acusación todavía no radicada, sino la desestimación de la denuncia.

No podemos permitir, como sugiere el Tribunal de Circuito de Apelaciones, que en aquellos casos en que la moción de desestimar se fundamenta en una violación al derecho a juicio rápido por el tiempo transcurrido desde la denuncia hasta la celebración de la vista preliminar, se pretenda que el imputado tenga que esperar a la celebración de la vista preliminar, la radicación de una acusación y el consiguiente acto de lectura de la acusación, para poder reclamar su derecho a una desestimación de la denuncia.

El imputado debe de tener la oportunidad de presentar la moción para desestimar la denuncia desde el momento que ocurre la violación a los términos pautados por la Regla 64(n)(5) para la celebración de la vista preliminar, o si así lo prefiere, antes del comienzo de la vista preliminar. Presentada una moción de desestimación por no haberse celebrado la vista preliminar en el término dispuesto por las Regla 64 (n)(5), corresponde al tribunal de instancia examinar la validez del reclamo presentado, así como la existencia de causa justificada para la demora. También le corresponde examinar si la demora ha sido ocasionada por el imputado, o si éste ha consentido a ella. De determinar que efectivamente ocurrió una violación al derecho a juicio rápido del

acusado, está impedido de celebrar la vista preliminar y procede la desestimación de la denuncia, sin perjuicio de que al amparo de la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 67[5] el Ministerio Público inicie un nuevo proceso. Solamente de cerciorarse el tribunal que la moción debe ser declarada sin lugar, es que deberá procederse con la vista preliminar.[6] *Véase,* Elena Resumil, Derecho Procesal Penal, sec. 25.6.

La conclusión a que hoy llegamos es cónsona con nuestros pronunciamientos anteriores, y reconoce el derecho fundamental del imputado, como parte del derecho a juicio rápido, a que no se demoren, sin justa causa, los procedimientos anteriores al juicio. Pueblo v. Montezuma Martínez, *supra*; Pueblo v. Opio Opio, 104 D.P.R. 165 (1975). No podemos olvidar que "...el derecho a un juicio rápido es tan fundamental como cualquier otro de los derechos fundamentales que le garantiza a los acusados la Constitución". Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970).

IV

De los hechos ante nos surge que el señor Rivera Rodríguez estuvo sumariado por un total de setenta y un días (71) desde su arresto hasta la celebración de la vista preliminar. Oportunamente, antes de la celebración de la vista preliminar el 27 de enero de 1999, solicitó la desestimación de las denuncias por violación a los términos de la Regla 64(n)(5).

El tribunal de instancia declaró no ha lugar la moción de

---

[5] Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (misdemeanor) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n). Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap.II R.67.

[6] Lo anteriormente expresado no es impedimento para que de celebrarse la vista preliminar, y determinarse causa probable para radicar la acusación, el acusado pueda presentar en el acto de lectura de la acusación, una moción de desestimación al amparo de la Regla 64(n)(5)y(6) por haber ocurrido una violación a su derecho a juicio rápido.

desestimación por insuficiencia en derecho y procedió a celebrar la vista preliminar en la cual encontró causa probable para acusar.

El acto de lectura de la acusación se llevó a cabo el 11 de febrero de 1999. El 12 de febrero, vigente el término de treinta (30) días dispuesto por ley para solicitar revisión ante el Tribunal de Circuito de Apelaciones, el acusado presentó recurso de certiorari para revisar la resolución del magistrado que presidió la vista preliminar declarando no ha lugar la moción de desestimación de las denuncias. Art. 4.002(f) de la Ley de la Judicatura, 4 L.P.R.A. sec. 22(K). Incidió el Tribunal de Circuito de Apelaciones al desestimar el recurso por falta de jurisdicción.

En vista de lo anteriormente expuesto, resolvemos que, en casos como el de autos, en que la moción de desestimación de la denuncia descansa en el fundamento de que se incumplió con los términos de juicio rápido pautados para la celebración de la vista preliminar, Regla 64(n)(5) y (6) de Procedimiento Criminal, el imputado puede presentar la moción para desestimar la denuncia, desde el momento que ocurre la violación a los términos pautados por la Regla 64(n)(5) y (6) para la celebración de la vista preliminar, o si así lo prefiere, antes del comienzo de la vista preliminar. Corresponde al tribunal de instancia examinar la validez del reclamo presentado, así como la existencia de causa justificada para la demora. También le corresponde examinar si la demora ha sido ocasionada por el imputado, o si éste ha consentido a ella. De llegar a la determinación de que no existe causa justificada para la demora y que la misma no se debe a la conducta del imputado, ni ha sido consentida por éste, el tribunal deberá desestimar la denuncia.

Por las razones anteriormente expuestas se revoca la Resolución del Tribunal de Circuito de Apelaciones, y se le ordena que asuma jurisdicción, acoja la petición de certiorari y revise en los méritos la Resolución del tribunal de instancia que denegó, por considerarla insuficiente en derecho, la moción de desestimación presentada.

De determinar el tribunal apelativo que erró el tribunal de instancia, y que se incurrió en una violación al términos de juicio rápido pautado en la Regla 64(n)(5) de Procedimiento Criminal, procede la desestimación de las denuncias, sin perjuicio de que el Ministerio Público pueda incoar un nuevo proceso contra el señor Rivera Rodríguez. Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 67.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Recurrido

     v.                           CC-1999-308    Certiorari

Javier A. Rivera Rodríguez

   Peticionario


SENTENCIA


San Juan, Puerto Rico, a 29 de febrero de 2000.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca la Resolución del Tribunal de Circuito de Apelaciones que desestimó el recurso de certiorari por falta de jurisdicción.

Se le ordena al Tribunal de Circuito de Apelaciones que acoja el recurso de certiorari y revise en los méritos la Resolución del Tribunal de Primera Instancia que denegó la moción de desestimación de la denuncia al amparo de la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap.II 64(n)(5), presentada por el imputado.

Así lo pronunció y manda Tribunal y certifica la Secretaria del Tribunal Supremo.


                    Isabel Llompart Zeno
                 Secretaria del Tribunal Supremo