# 2009 DTA 103

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

BRENDA LIZ FLORES RODRIGUEZ
Imputada-Recurrida

Núm. KLCE-2009-00073

San Juan, Puerto Rico, a 10 de julio de 2009

Panel integrado por su Presidente, el Juez López Feliciano,
y los Jueces Hernández Serrano y Rosario Villanueva

López Feliciano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Nuevamente regresa a este Tribunal de Apelaciones la controversia de si a una relación consensual adúltera, dentro de la que surge un incidente de violencia o maltrato entre sus componentes, le son de aplicación las disposiciones de la Ley Núm. 54 de 15 de agosto de 1989, conocida como "Ley Para la Prevención e Intervención con la Violencia Doméstica" (Ley Núm. 54), 8 L.P.R.A. Sec. 601, *et seq.*

En el presente recurso, el Ministerio Público nos solicita que expidamos auto de *certiorari* para revocar una resolución dictada el 15 de diciembre de 2008 por la Sala Superior de Ponce del Tribunal de Primera Instancia (TPI), en el caso de *El Pueblo de Puerto Rico v. Brenda Liz Flores Rodríguez*, Criminal Núm. J1VP200803387, en la que desestimó una denuncia presentada por infracción al Artículo 3.3 de la Ley Núm. 54, 8 L.P.R.A. Sec. 633. [1]

### I

Del expediente constitutivo del recurso, se desprenden los siguientes incidentes procesales pertinentes a la cuestión planteada.

El 31 de julio de 2008, el Ministerio Público autorizó la presentación de una denuncia contra Brenda Liz Flores Rodríguez (la recurrida), imputándole el delito tipificado en el Artículo 3.3 de la Ley Núm. 54, *supra*. La conducta delictiva particularmente imputada fue que de forma ilegal, voluntaria, maliciosa y criminalmente, amenazó con causarle daño físico al Sr. Benito Reyes Vargas (señor Reyes Vargas), "con quién mantuvo una relación consensual íntima", consistente en que mediante una llamada telefónica lo amenazó manifestándole lo siguiente: "coge el teléfono o voy a tener allá y te caigo encima y te rompo los espejuelos, voy pa tu casa por la noche y voy con mi papá y mi hermano, que cuando te cojan te van a dar una pela y te van a romper hasta el biombo del taxi ese, no te preocupes, me las vas a pagar todas, yo tengo a quien pagarle para que te rompan el carro o te den una pela o te maten y ellos me traen evidencia".

De la denuncia presentada se desprende que originalmente, el 31 de julio de 2008, un magistrado no determinó causa probable para el arresto o citación de la recurrida. En desacuerdo con dicha determinación, el Ministerio Público solicitó la celebración de una vista de causa probable para arresto en alzada, de conformidad con la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6(c). Celebrada la vista en alzada ante otro magistrado, éste determinó causa probable por el delito imputado y ordenó el arresto de la recurrida.

Pendiente de celebrarse la correspondiente vista preliminar, por tratarse de un delito grave, la recurrida presentó una moción solicitando la desestimación de la denuncia. Como fundamento para ello planteó que la Ley Núm. 54, *supra*, no era de aplicación a una relación adúltera, como la que alegó existió entre la recurrida y el señor Reyes Vargas. Planteó que "por el hecho de sostener relaciones sexuales con una persona por un período corto de tiempo, sin sostener con dicha persona ninguna relación de pareja, ninguna relación consensual, ninguna relación afectiva y estando el alegado perjudicado casado legalmente con otra mujer", no era de aplicación la Ley Núm. 54, *supra*. [2]

En dicha moción, la recurrida presentó un análisis de su interpretación de los propósitos de la Ley Núm. 54, *supra,* para concluir que las relaciones adúlteras no están contempladas en dicho estatuto. Puntualizó que "[a]plicar la Ley 54 a las relaciones adúlteras sería ir en contra de la propia ley, en contra del concepto de familia y en contra de la moral. La propia legislación hace del adulterio un delito criminal y una causal para solicitar el divorcio".

Como elemento persuasivo a su ·planteamiento desestimatorio, la recurrida citó el caso de *Pueblo v. Flores Flores,* KLCE-06-01118, en el que, mediante sentencia de 5 de diciembre de 2006, otro Panel de este Tribunal resolvió que la Ley Núm. 54, *supra,* no aplica a parejas adúlteras. **[3]**

Oportunamente el Ministerio Público presentó su oposición a la desestimación solicitada, en la que, en síntesis, sostuvo que el tipo de relación entre la recurrida y el señor Reyes Vargas constituyó una relación íntima entre un hombre y una mujer, la cual estaba cobijada por la Ley Núm. 54, *supra.*

El Ministerio Público citó como convincentes dos recursos resueltos por este Tribunal, en los cuales otros dos Paneles sostuvieron que la Ley Núm. 54, *supra,* sí es de aplicación a las relaciones adúlteras. Estos recursos son los de *Pueblo v. Chico Rivera,* KLCE-2005-00361, sentencia de 30 de junio de 2005; **[4]** y *Pueblo v. Vélez González,* KLAN-2006-01657, sentencia de 25 de febrero de 2008. **[5]**

Sin celebrar la vista preliminar de rigor, el 15 de diciembre de 2008, el TPI dictó resolución, declarando con lugar la moción de desestimación presentada por la recurrida, por entender que las disposiciones de la Ley Núm. 54, *supra,* no se extendían a las parejas en relaciones adúlteras. En consecuencia, decretó la desestimación de la denuncia.

Inconforme con dicha resolución del TPI es que el Ministerio Público, por conducto de la Oficina de la Procuradora General de Puerto Rico, insta el recurso que ahora atendemos.

**II**

El único error señalado por el Ministerio Público contra la resolución recurrida es el siguiente:

**"Erró el Honorable Tribunal de Primera Instancia al resolver que las disposiciones de la Ley Núm. 54 no son aplicables a actos de maltrato que se suscitan entre una pareja que sostuvo una relación consensual íntima, dentro de la cual alguno de sus miembros está casado con otra persona."**

Por tanto, lo que esencialmente nos correspondería decidir es si la Ley Núm. 54, *supra,* es o no de aplicación a incidentes delictivos entre parejas que sostienen una relación adúltera. Sin embargo, debemos atender un importante aspecto de derecho procesal que surge del trámite del caso en el TPI y el que no podemos soslayar.

Es principio reconocido en nuestro derecho apelativo que un tribunal revisor tiene facultad inherente para considerar y resolver errores patentes que surjan de un recurso, aun cuando éstos no hayan sido planteados por las partes. *S.L.G. Flores et al. v. Colberg,* 174 D.P.R. ___(2008), **2008 J.T.S. 110**; *Hons. Castro, Cabán v. Dpto. de Justicia,* 153 D.P.R. 302, 312 (2001).

**III**

A continuación exponemos la normativa jurídica que de umbral debemos tomar en cuenta para disponer correctamente del recurso.

**A**

La Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, gobierna el trámite inicial a seguir para que un tribunal determine si existe causa probable para creer que se ha cometido un delito por la persona o personas imputadas. Hecha dicha determinación, el magistrado ante quien se presente la prueba expedirá la orden de arresto que corresponda. No obstante, la siguiente Regla 7(a) dispone que en lugar de una orden de arresto, el magistrado podrá expedir una citación cuando tenga motivos fundados para creer que la persona imputada va a comparecer al ser citada o si se tratare de una corporación.

La Regla 6(c), *supra*, establece el procedimiento a dar curso cuando el magistrado determina la inexistencia de causa probable o cuando lo hace por un delito inferior distinto al que el Ministerio Público entienda que es procedente, al disponer que:

**"Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna. En tal caso o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia. El magistrado, una vez tenga ante sí dicha solicitud, podrá prontamente expedir u ordenar al secretario del tribunal que expida citación tanto al imputado como a los testigos de cargo anunciados, las cuales serán diligenciadas por los alguaciles del tribunal o sus delegados."** (Subrayado nuestro)

De otra parte, la Regla 23 de Procedimiento Criminal, *supra*, requiere la celebración de una vista preliminar cuando se impute un delito grave. Su inciso(c) establece, en lo pertinente, el procedimiento que rige dicha vista, al disponer que:

**"Si la persona compareciere a la vista preliminar y no renunciare a ella, el magistrado deberá oír la prueba. La persona podrá contrainterrogar los testigos en su contra y ofrecer prueba a su favor. El fiscal podrá estar presente en la vista y podrá también interrogar y contrainterrogar a todos los testigos y ofrecer otra prueba. Al ser requerido para ello, el fiscal pondrá a disposición de la persona las declaraciones juradas que tuviere en su poder de los testigos que haya puesto a declarar en la vista. Si a juicio del magistrado, la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responsa por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario, exonerará a la persona y ordenará que sea puesta en libertad."** (Subrayado nuestro)

Nuestro Tribunal Supremo ha sostenido en repetidas ocasiones que el propósito de la vista preliminar es evitar que se someta a un ciudadano de forma arbitraria e injustificada a los rigores de un proceso criminal. Chiesa E., *Derecho Procesal Penal,* Vol. III, Ed. Forum, 1993, págs. 63-64.

Se ha sostenido que la determinación de causa probable en vista preliminar significa que:

**"(i) No hay vicio o ilegalidad en los procedimientos anteriores o cualquiera que pudo haber habido quedó subsanado con la vista preliminar.**

**(ii) Hay causa probable para acusar, lo que entraña autorización judicial para presentar el pleito acusatorio."** Chiesa, *ob cit.*, pág. 65.

A lo anterior añade el comentarista lo siguiente:

**"Por otra parte, una determinación de no causa probable podría estar basada no sólo en la inexistencia de causa probable (juicio de probabilidad de culpabilidad) sino también en que hay un vicio insubsanable en los procedimientos anteriores, particularmente en relación con el arresto o detención y sus frutos. Pero entonces tal determinación sería revisable mediante *certiorari*, pues no se trataría de un juicio de no causa probable en términos de probabilidad de culpabilidad, sino de un juicio de derecho sobre la validez de los procedimientos anteriores y las consecuencias de una determinación de invalidez."** *Íd.*

# B

En *Pueblo v. Jiménez Cruz,* 145 D.P.R. 803, 813-816 (1998), el Tribunal Supremo tuvo la oportunidad de atender un incidente procesal parecido al caso que ahora atendemos. En el citado caso, el más Alto Foro determinó que no abusa de su discreción el magistrado que deniega una moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*, presentada en una vista de causa probable celebrada en alzada, de conformidad con la Regla 6(c) de Procedimiento Criminal, *supra*, ya que dicha vista está limitada a determinar la existencia o no de causa probable para ordenar el arresto.

Al así resolver, el más Alto Foro puntualizó lo siguiente:

"**Si luego de haber sido celebrada la vista de causa probable en alzada se determinara que ésta existe para el arresto, se expedirá una orden de arresto contra el imputado. Esta determinación no es revisable mediante** *certiorari*. **Es en la vista preliminar donde el imputado, asistido por su abogado, tendrá la oportunidad de contrainterrogar a los testigos de cargo y de presentar la prueba a su favor. Erróneamente, se ha interpretado que contra la determinación de causa probable *para el arresto* por la comisión de un delito grave, el imputado puede presentar una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal. Tal moción de desestimación sólo procede en casos por delitos graves, *luego de haberse presentado la acusación*. La determinación de causa probable para el arresto por la comisión de un delito grave *no culmina en una acusación*, sino en un arresto. Dicha determinación *no* es revisable mediante la moción reglamentada por la Regla 64(p) de Procedimiento Criminal.**

**Una moción al amparo de la Regla 64(p), solicita la desestimación de una "acusación o denuncia". La acusación se define como "una alegación escrita hecha por un fiscal al Tribunal Superior, en la cual se imputa a una persona la comisión de un delito. La primera alegación de parte del Pueblo en un proceso iniciado en el Tribunal Superior será la acusación. Se firmará y jurará por el fiscal y se radicará en la Secretaría del Tribunal correspondiente".**

**Por otro lado, la denuncia es definida como "la primera alegación en un proceso iniciado en el Tribunal de Distrito". En casos de delitos menos graves, la denuncia será la alegación inicial del Estado, y posteriormente ese mismo documento se convertirá en el pliego acusatorio o en la acusación. En el caso de delito grave, la denuncia es sólo la alegación inicial que sirve de base a procedimientos anteriores al juicio, pero luego será sustituida por la acusación o por el pliego acusatorio que servirá de base a las alegaciones del acusado y a los procedimientos posteriores, como lo es el juicio.**

**Cuando se imputa un delito grave, no puede presentarse una acusación hasta después de que haya recaído una determinación de causa probable para ello, como resultado de la vista preliminar celebrada. Es entonces cuando se autoriza al Ministerio Público a presentarla. Por lo tanto, en un caso por *delito grave*, la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *no tiene otro efecto que el de revisar la determinación de causa probable para acusar hecha después de haberse celebrado tal vista preliminar*. En consecuencia, no puede revisarse, según tal regla, la determinación de causa probable *para arrestar* por un delito grave. *Es en los casos por delito menos grave*, después de que se ha determinado una causa probable para el arresto o citación del imputado, *y una vez que se ha presentado como pliego acusatorio la denuncia que sirvió de base para tal determinación*, cuando está disponible al acusado la moción de desestimación de tal denuncia al amparo de la Regla 64(p) de Procedimiento Criminal, a los fines de revisar dicha determinación de causa probable *para el arresto*.**"

**Por otro lado, la determinación positiva de causa probable para** *acusar* **luego de celebrada la vista preliminar, subsana cualquier error que hubiese habido en la determinación de causa probable para** *arrestar*. **Así lo reconoce el Profesor Chiesa al manifestar:**

"... En primer lugar, la vista preliminar, como se verá..., es un procedimiento m[á]s formal y en el cual el imputado tiene más derechos que en el procedimiento de determinación de causa probable para el arresto. <u>En segundo lugar, la vista preliminar constituye una revisión de la determinación de causa probable para el arresto, en cuanto al aspecto central de si se puede o no continuar el proceso criminal contra el imputado.</u>

<u>En resumen, resolvemos que cuando el delito imputado es de carácter grave, el momento oportuno para presentar una moción de desestimación al amparo de la citada Regla 64(p) es con posterioridad a la presentación de la acusación por tal delito.</u>" *Íd.*, págs. 813-816. (Subrayado nuestro y citas omitidas).

Con posterioridad a la normativa jurisprudencial antes esbozada, en *Pueblo v. Rivera Rodríguez,* 150 D.P.R. 428, 437-438 (2000), **[6]** el más Alto Foro hizo los siguientes pronunciamientos:

"**Aclaramos que, en casos por delito grave, la moción de desestimación según la Regla 64(p), no tienen otro efecto que el de revisar la determinación de causa probable para acusar hecha después de celebrada la vista preliminar, y que tal determinación no está disponible para revisar, en casos de delito grave, la determinación de causa probable para arrestar. Esto es así, ya que según concluimos, una determinación de causa probable para acusar luego de celebrada la vista preliminar, subsana cualquier error que hubiese habido en la determinación de causa probable para arrestar. <u>Por dicha razón, en casos por delito grave, la Regla 64(p) de Procedimiento Criminal, no está disponible para revisar la determinación de causa probable para arresto.</u>**" (Subrayado nuestro y citas omitidas).

### IV

Para disponer del recurso, procede que confrontemos la normativa antes expuesta con el trámite y manejo de este caso en el foro de instancia.

Como se desprende de los incidentes procesales anteriormente reseñados, pendiente de celebrarse la vista preliminar, por tratarse de un delito grave, la recurrida presentó una moción solicitando la desestimación de la denuncia bajo el fundamento de que la Ley Núm. 54, *supra*, no era de aplicación a los hechos que le eran imputados. Como previamente indicáramos, a nuestro juicio, esta moción efectivamente correspondía a una solicitud de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*. Ello es así porque suponiendo que ciertamente dicho estatuto no le aplicaba a los hechos del caso, era procedente entonces plantear que había cometido error el magistrado que determinó causa probable para el arresto, por tratarse de una denuncia promovida sin arreglo a la ley y al derecho. Véase Regla 64(p) de Procedimiento Criminal, *supra*.

Presentada la moción antes aludida antes de celebrarse la vista preliminar, el TPI ignoró el mandato de la Regla 23(c), *supra*, que dispone que si el imputado comparece en la etapa de vista preliminar y no renuncia a ella, "el magistrado deberá oír la prueba". Esto significa que deberá celebrar la vista preliminar. En el caso ante nuestra consideración, el TPI no celebró la vista preliminar y optó por desestimar, sin mayor ponderación, la denuncia ante su consideración. Tal actuación le llevó a prescindir de la normativa establecida por el Tribunal Supremo en *Pueblo v. Jiménez Cruz, supra*, y seguida en *Pueblo v. Rivera Rodríguez, supra*.

Es nuestro criterio que el TPI debió denegar la solicitud de desestimación y proceder con la celebración de la vista preliminar. De haberse determinado causa probable por el delito imputado sin más pronunciamientos, era entonces que la recurrida, luego de presentada la acusación ante el TPI, podía promover la solicitud de desestimación. **[7]** Tratándose de un delito grave, el momento oportuno para presentar la moción de desestimación es con posterioridad a la presentación de la acusación por tal delito. Véase *Pueblo v. Jiménez Cruz, supra*.

Por otro lado, y desde un punto de vista procesal y pragmático, si luego de presentada la prueba de cargo en

la vista preliminar, el TPI hubiera determinado la inexistencia de causa probable, basándose en que los hechos imputados estaban exentos de la aplicación de la Ley Núm. 54, *supra*, entonces sí el Ministerio Público hubiera tenido la alternativa de revisar tal dictamen ante este foro apelativo mediante *certiorari*. Véase Chiesa, *ob cit.*, pág. 65. De haber sido esa la situación, entonces para este foro no se trataría de un juicio de causa probable en términos de probabilidad de culpabilidad, sino de un juicio de derecho sobre la validez de los procedimientos anteriores a la vista preliminar y las consecuencias de una determinación de invalidez en la conclusión de la vista preliminar. *Íd.*

## V

Por los fundamentos anteriormente expuestos, se expide el auto de *certiorari* solicitado y se revoca la resolución recurrida. Se devuelve el caso al foro primario para que se proceda con la celebración de la vista preliminar de rigor.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 103

**1.** En este artículo se tipifica el delito intitulado como "maltrato mediante amenaza".

**2.** Es nuestra opinión que esta moción por su contenido correspondía a una solicitud de desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra*, la que procede cuando se alegue "[q]ue se ha presentado contra el acusado una acusación o denuncia o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho".

**3.** Panel integrado por los Jueces Pesante Martínez, Escribano Medina y Hernández Torres. Este caso está ante la consideración del Tribunal Supremo.

**4.** Panel integrado por los Jueces López Vilanova, Córdova Arone y Escribano Medina; con voto disidente del Juez Escribano Medina.

**5.** Panel integrado por los Jueces Rodríguez Muñiz, Soler Aquino y Cordero Vázquez.

**6.** El Tribunal Supremo resolvió en *Pueblo v. Rivera Rodríguez, supra,* que en casos en que la moción de desestimación de la denuncia descanse en el fundamento de que se incumplió con los términos de juicio rápido pautados para la celebración de la vista preliminar, Regla 64(n)(5)(6) de Procedimiento Criminal, *supra*, el imputado puede presentar la moción para desestimar la denuncia desde el momento en que ocurre la violación a los términos de juicio rápido dispuestos para la celebración de la vista preliminar; o, si así lo prefiere, antes del comienzo de la vista preliminar.

**7.** Reconocemos que el TPI, oída la prueba en la vista preliminar y de entender que la Ley Núm. 54, *supra*, no es de aplicación a los hechos del caso, podría optar por determinar causa probable por otro delito, como sería el delito de Amenazas, tipificado en el Artículo 149 del Código Penal, 33 L.P.R.A. sec. 4816.