Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alejandro Cancel Montes, Emilio Acosta Morales y Felipe Fontanez Burgos<br>      Peticionarios<br><br>     v.<br><br>Estado Libre Asociado de Puerto Rico,<br>Hon. Carlos M. Molina como Secretario del Depto. De Corrección y Rehabilitación; Administración de Corrección, Superintendente María Lugardo del Anexo 676 del Complejo de Ponce<br>     Recurridos | Hábeas Corpus<br><br>2011 TSPR 211<br><br> 182 DPR \_\_\_\_ |

Número del Caso:   HC-2011-1


Fecha: 16 de febrero de 2011


Materia: Hábeas Corpus


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alejandro Cancel Montes, Emilio Acosta Morales y Felipe Fontanez Burgos
       Peticionarios

        v.

Estado Libre Asociado de Puerto Rico, Hon. Carlos M. Molina como Secretario del Depto. De Corrección y Rehabilitación; Administración de Corrección, Superintendente María Lugardo del Anexo 676 del Complejo de Ponce
       Recurridos

HC-2011-1

RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de febrero de 2011.

El recurso de hábeas corpus que tenemos ante nuestra consideración presenta la interrogante de cuál es el debido proceso que cobija a los reclusos cuando la Administración de Corrección pretende revocar la concesión de programas de desvíos administrativos y de pases extendidos. Los hechos surgen del expediente y del relato que hace la parte peticionaria.

I

A los reclusos Alejandro Cancel Montes y Felipe Fontánez Burgos, aquí peticionarios, se les revocó, por razones disciplinarias, el privilegio de participar en un programa administrativo de desvío. Por otro lado, al recluso Emilio Acosta Morales, también copeticionario, se le revocó por razones disciplinarias el privilegio de participar en un programa administrativo de pases extendidos. Durante la vista inicial de revocación, a todos los reclusos solo se les permitió escuchar los cargos en su

contra, sin oportunidad de presentar prueba a su favor ni impugnar la prueba de la Administración de Corrección.

Además del recurso que se encuentra ante nuestra consideración, el reo Cancel Montes presentó el 20 de enero de 2011 un recurso de hábeas corpus ante el Tribunal de Primera Instancia, Sala de Ponce. En esencia, esgrimió los mismos argumentos que ahora presenta ante este Foro. El Tribunal de Primera Instancia reclasificó el recurso como un *mandamus*. Además, ordenó a la Secretaria que citara nuevamente al señor Cancel Montes y a la Administración de Corrección a una vista a celebrarse el 2 de febrero de 2011. Por último, decidió tramitar el recurso por el cauce ordinario.

Por otro lado, el peticionario Acosta Morales extinguió su sentencia de 9 años el 11 de febrero de 2011. En lo que respecta al reo Fontanez Burgos, la vista administrativa formal por las violaciones disciplinarias fue pautada para el 15 de febrero de 2011.

## II

El recurso de hábeas corpus es académico en lo que concierne al señor Acosta Morales. Ya él se encuentra en libertad y no procede que emitamos una opinión consultiva. Véase E.L.A. v. Aguayo, 80 D.P.R. 552 (1958). Por otro lado, el reo Cancel Montes tiene ante el Tribunal de Primera Instancia un caso activo contra la Administración de Corrección que contiene las mismas controversias que este recurso. Como medida prudencial, conviene que el Tribunal de Primera Instancia reciba la prueba necesaria para emitir unas determinaciones de hechos y resolver la controversia. El señor Cancel Montes ya escogió ese foro.

Finalmente, la vista administrativa formal contra Fontánez Burgos está señalada para el 15 de febrero de 2011. En ella, el reo tendrá oportunidad de presentar prueba y de refutar la que presente la Administración de Corrección. En ocasiones anteriores hemos resuelto en el contexto del proceso penal que una vista preliminar subsana cualquier error que se cometa en la determinación de causa probable para arresto. Véase, Pueblo v. Rivera Rodríguez, 150 D.P.R. 428, 437 (2000), citando a Pueblo v. Jiménez Cruz, 145 D.P.R. 803 (1998). De igual modo, la vista de 15 de febrero de 2011 subsanará cualquier error cometido en la vista sumaria inicial.

## III

Por los fundamentos antes expuestos, se declara no ha lugar el recurso presentado por los peticionarios.

Notifíquese por teléfono o fax y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton le concedería un término de cinco (5) días a la Procuradora General para que exponga su posición. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente al cual se unió la Jueza Asociada señora Fiol Matta. Además, "la Jueza Asociada señora Fiol Matta entiende que se debió pedir al Estado que se expresara sobre el caso de epígrafe. En su Resolución, el Tribunal está presumiendo la ocurrencia de varios eventos cuya celebración no nos consta. Al no pedirle a la Procuradora General que se exprese sobre las alegaciones hechas por los peticionarios, el Tribunal está presumiendo que el peticionario Acosta Morales ha sido liberado a causa de la extinción de la sentencia. Igual ocurre en el caso del peticionario Fontánez Burgos, donde se presume, sin corroboración, que se llevó a cabo una vista administrativa formal hoy 15 de febrero de 2011 y que allí el señor Fontánez Burgos tuvo la oportunidad de 'presentar prueba y refutar la que presente la Administración de Corrección'. Ante alegaciones serias acerca de violaciones sustanciales de derechos constitucionales, lo mínimo que este Tribunal debe hacer es pedirle al Estado que responda".


                              Aida I. Oquendo Graulau
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alejandro Cancel Montes, Emilio
Acosta Morales, Felipe Fontanez
Burgos
          Peticionarios

          v.                                    HC-2011-1

Estado Libre Asociado de Puerto
Rico, Hon. Carlos M. Molina,
Administración de Corrección,
Superintendente María Lugardo
del Anexo 676 del Complejo
Correccional de Ponce
          Recurridos


Voto Particular disidente de la Juez Asociada señora Rodríguez
Rodríguez al cual se une la Jueza Asociada señora Fiol Matta


En San Juan, Puerto Rico, a 16 de febrero de 2011.

Disiento de la determinación que hoy anuncia la mayoría. En la petición de *habeas corpus* ante nuestra consideración, tres confinados alegan que se les ha violado el debido proceso de ley en la medida en que el procedimiento de revocación de participación en un programa de desvío y de libertad supervisada no se ajusta a lo que dispusimos en *Martínez Torres v. Amaro Pérez*, 116 D.P.R. 717 (1985).

En *Martínez Torres v. Amaro Pérez*, *ante*, págs. 724-725, reconocimos que, una vez se concede el privilegio de disfrutar de un programa de libertad limitada, no se puede

cancelar ese privilegio sin cumplir con los requisitos mínimos de debido proceso de ley aplicable a la etapa post-sentencia. En *Martínez Torres*, *ante,* pág. 725, citando de *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), indicamos que "un probando tiene derecho a dos vistas, una preliminar al momento de su detención y arresto para determinar si existe causa probable de que haya violado su probatoria, y otra vista, un tanto más abarcadora, antes de la determinación de revocación final". Véanse además, *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *Young v. Harper*, 520 U.S. 143, 147 (1997).

En la vista final, se le debe garantizar al menos: "a) una notificación escrita de las alegadas violaciones a la probatoria; b) un examen de la prueba en su contra; c) la oportunidad de ser oído personalmente y presentar testigos y evidencia documental a su favor; d) **el derecho a confrontar y contrainterrogar los testigos adversos, a menos que el juzgador examinador determine por razones de seguridad del informante justa causa para no permitir tal confrontación**; e) un juzgador neutral e independiente que puede ser uno solo o un cuerpo pluralista…; f) determinaciones escritas de los hechos hallados probados, así como evidencia en que la decisión se basó, y las razones para revocar la probatoria". *Martínez Torres v. Amaro Pérez*, ante, pág. 726. Véase además, E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Ed. Forum, Colombia, 1993, vol. III, sec. 33.9.

Tenemos serias dudas si el Reglamento Disciplinario para la Población Correccional, Reglamento Núm. 7748 de 21 de septiembre de 2009 del Departamento de Corrección y Rehabilitación, que rige los procesos de revocación del beneficio de participar en estos programas, cumple con el mandato constitucional. En particular, respecto al requerimiento del derecho a confrontar y contrainterrogar los testigos adversos.

Por otro lado, resulta altamente preocupante la costumbre que se entroniza en el Tribunal de, para todos los efectos modificar y hasta revocar *sub silentio* normas sustantivas de derecho a través de Resoluciones; y esto en casos donde ni siquiera hemos escuchado a todas las partes. *E.g., Gotay Flores v. Administración de Corrección*, res. 25 de enero de 2011, 180 D.P.R. ___, 2011 TSPR 10. La Resolución, por su propia naturaleza, no refleja el análisis profundo, sosegado y ponderado que una Opinión de este Tribunal, por lo que no considero adecuado utilizar este mecanismo para, rutinariamente, resolver asuntos sustantivos de derecho.

Es preocupante también, que la Resolución que se certifica tome como ciertos, y a base de ellos resuelva, alegaciones cuya veracidad no nos consta. Lo apropiado hubiese sido ordenarle a la Procuradora General que compareciera a expresar su criterio tal y como indica la Jueza Asociada señora Fiol Matta en su expresión particular.

No obstante los planteamientos graves que se levantan en el *habeas corpus*, la mayoría se niega a considerarlos y a ordenarle a la Procuradora General que se exprese. Es muy lastimoso que ello sea así. Porque considero que ese proceder es erróneo, disiento.


Anabelle Rodríguez Rodríguez
Juez Asociada