En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| EL PUEBLO DE PUERTO RICO<br>    Demandante-Apelante<br><br>  .V<br><br>JUAN CARLOS JIMENEZ CRUZ<br><br>    Demandado-Apelado | Apelación<br><br>98TSPR76 |

Número del Caso: CM-95-0001

Abogados Parte Demandante: LCDO. CARLOS LUGO FIOL
PROCURADOR GENERAL
LCDO. MIGUEL A. SANTANA BAGER
PROCURADOR GENERAL AUXILIAR

Abogados Parte Demandada: LCDO. HARRY N. PADILLA MARTINEZ

Tribunal de Instancia: Superior, Sala de Ponce

Juez del Tribunal de Primera Instancia: HON. ELBA ROSA RODRIGUEZ FUENTES

Tribunal de Circuito de Apelaciones: CIRCUITO REGIONAL V

Juez Ponente: HON. AMADEO MURGA

Fecha: 6/17/1998

Materia: INF. ART. 160

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido-Apelante

       v.                 CM-95-1     Apelación

Juan Carlos Jiménez Cruz

    Peticionario-Apelado

Opinión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico, a 17 de junio de 1998

En el presente caso se recurre de la sentencia dictada por el Tribunal de Circuito de Apelaciones (Región Ponce y Aibonito) el 26 de junio de 1995 y archivada en autos su notificación el 19 de julio de 1995. Mediante dicha sentencia, el Tribunal de Circuito de Apelaciones, aplicando las disposiciones de la Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R 64(p), dejó sin efecto la determinación de causa probable en alzada para el arresto del imputado Juan Carlos Jiménez Cruz por la supuesta comisión de dos delitos graves; revocando así la resolución del foro de instancia mediante la cual se negó a desestimar tal determinación de causa probable. Además, ordenó la celebración de una tercera vista de determinación de causa probable para el arresto.

Acogido el recurso presentado ante nos como uno de certiorari, por ser el apropiado, expedimos. Los hechos se exponen a continuación.

I

Contra Juan Carlos Jiménez Cruz se presentaron dos denuncias por sendas infracciones al Artículo 160 del Código Penal, 33 L.P.R.A. sec. 4243, consistentes en el delito de robo de menores. En dichas denuncias se alegó, en síntesis, que el imputado ilegal, voluntaria, maliciosa y fraudulentamente sustrajo una pareja de niños menores de doce años con el propósito de ocultarlos de su madre.

Las denuncias fueron presentadas a un Juez Municipal quien, luego de escuchar el testimonio de la madre de los menores, determinó que no existía causa probable para arresto por los delitos imputados. Inconforme, el Ministerio Público sometió nuevamente las denuncias a un Juez de Distrito a tenor con la Regla 6 (c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II R 6(c). En esta ocasión el Ministerio Público presentó, además del testimonio de la perjudicada, el testimonio del padre de ésta y el del agente investigador. Surge de la sentencia recurrida que en dicha vista se presentó la evidencia testifical que se describe a continuación:

La querellante Jeannette López Cruz declaró que en el año 1986 quedó embarazada cuando tenía diecisiete (17) años de edad; que con la ayuda del médico imputado pudo esconder de sus padres tal estado de gravidez; que finalmente dio a luz gemelos en diciembre de ese mismo año y que el 21 de diciembre, cuando el personal del hospital le entregó los niños, el médico imputado procedió a entregarlos al Sr. Víctor Gutiérrez Báez y a su esposa, para que los cuidaran por unos días, en lo que se resolvían los problemas en casa de sus padres. Declaró, además, que posteriormente el imputado le dijo que ambos niños habían muerto. Pasaron varios años cuando ella se enteró de que uno de los niños (el varón) vivía, que la niña había muerto. Acudió entonces a la policía a reclamarlo. La policía logró localizar al niño en casa del Sr. Gutiérrez Báez y pudo comprobar que la niña había fallecido años antes.

Luego de presentado ese testimonio, el fiscal presentó el testimonio del padre de Jeannette López. Este, entre otras cosas, declaró que de 1986 a 1993, su hija Jeannette nunca le mencionó nada acerca de su alumbramiento y que él finalmente se enteró por su otra hija, quien le dijo que tenía dos nietos más, hijos de Jeannette. Según le informó esta otra hija, ella obtuvo la información directamente de la misma Jeannette.

El tercer testigo de la fiscalía fue el policía José L. Pacheco Román, quien recibió en primer lugar la querella presentada por Jeannette y su padre, investigó el asunto y finalmente encontró el varón en poder del Sr. Víctor M. Gutiérrez Báez y su esposa, en Trujillo Alto. Fue él quien también verificó que la niña había muerto.

Presentada la prueba de cargo, la defensa contrainterrogó a los testigos del pueblo e inclusive presentó una fotografía a los fines de impugnar a la perjudicada. Además de ello, solicitó presentar prueba a su favor. El Juez de Distrito decidió no recibirla por entender que la prueba desfilada era suficiente para determinar causa probable. La defensa reiteró su pedido e hizo oferta de prueba que alegadamente desmentía la médula del testimonio ofrecido por la testigo de cargo[1]. No obstante, el Juez se mantuvo firme en su determinación y denegó la solicitud de la defensa. Luego de ello, determinó causa probable para arresto, le fijó una fianza de $1,000.00 al imputado para permanecer en

---

[1] **Entre la prueba ofrecida estaba el testimonio del Sr. Víctor M. Gutiérrez Báez, quien recibió los niños de manos de Jeannette López el 21 de diciembre de 1986. Este, según la oferta de la defensa, declararía que conoció a Jeannette cuando ya estaba embarazada, que ésta dijo no querer al niño y estar dispuesta a dárselo. Luego, en diciembre de 1986, se enteró que Jeannette había dado a luz no uno, sino dos niños pero que accedió a recibirlos, como en efecto hizo de manos de ésta. Cuando recibió los niños le dijo a Jeannette que si tenía dudas de lo que estaba haciendo que se quedara con los bebés pero que ella manifestó que no, que deseaba que él los recibiera. Declararía, además, que cuando Jeannette López entregó los niños sabía que el Sr. Gutiérrez y su señora esposa los inscribirían como suyos y que nunca más los vería.**

**Además de esa prueba, el imputado se proponía presentar copia del diploma que acreditaba que estuvo realizando su entrenamiento como ginecólogo-obstetra en el Hospital de Distrito de Ponce desde el 7 de julio de 1984 al 6 de junio de 1988.**

libertad provisional y señaló fecha <u>para la celebración de la vista preliminar</u>.

Días mas tarde, el imputado presentó ante el Tribunal Superior una moción al amparo de la Regla 64 (p). En dicha moción alegó que no se había determinado causa probable conforme a derecho, ya que el Juez de Distrito se había negado a recibir prueba que era exculpatoria. Luego de los trámites procesales de rigor, el Tribunal Superior denegó la moción bajo la Regla 64 (p). Adujo como fundamento que la credibilidad de los testigos no se podía dirimir en esa etapa de los procedimientos.

Inconforme, el imputado acudió al Tribunal de Circuito de Apelaciones, el cual inicialmente denegó el recurso el 27 de febrero de 1995, a la luz de nuestra sentencia en <u>Pueblo</u> v. <u>Cruz Bayona</u>, 124 D.P.R. 568 (1989). Presentada una oportuna moción de reconsideración, el tribunal apelativo la acogió y ordenó a la parte recurrida mostrar causa por la cual no debía dejarse sin efecto la resolución previa. Evaluados los escritos de las partes, el Tribunal de Circuito dictó sentencia. En ésta dejó sin efecto su anterior resolución y revocó la determinación del foro de instancia por entender que el Juez de Distrito había errado al negarse a escuchar prueba de defensa y que procedía una nueva celebración de vista de causa probable para arresto.[2]

## II.

Se alega como único señalamiento de error que el foro apelativo erró al revocar la resolución recurrida y devolver el caso para una tercera vista de determinación de causa probable para arresto. Ello como resultado de equiparar las vistas reguladas en las Reglas 6 y 23 de Procedimiento Criminal, 34 L.P.R.A. Ap II R. 6 y 23, y al sustituir el criterio del juez de instancia por el suyo al evaluar la procedencia de una moción de desestimación bajo la Regla 64 (p). Tiene razón el Ministerio Público.

---

[2] **El Hon. Germán Brau Ramírez disintió por escrito.**

El Art. II, sec. 10, de la Constitución de Puerto Rico dispone que para expedir una orden de arresto es necesaria una determinación de causa probable por parte de un magistrado[3]. La regla 6 de Procedimiento Criminal pretende reglamentar el procedimiento para la expedición de tal orden de arresto. Es mediante este procedimiento que se inicia la acción penal en contra de un imputado. Al ser aprobadas originalmente las Reglas de Procedimiento Criminal, que entraron en vigor el 30 de julio de 1963, la Regla 6 leía del siguiente modo:

REGLA 6. ORDEN DE ARRESTO A BASE DE UNA DENUNCIA

(a) Expedición de la orden. Si de la denuncia y del examen del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). Cuando hubiere más de una persona afectada, el magistrado podrá expedir una orden de arresto para cada una de ellas. El magistrado hará constar en la denuncia los nombres de las personas examinadas por él para determinar causa probable.

(b) Forma y requisitos de la orden de arresto. La orden de arresto se expedirá por escrito a nombre de El Pueblo de Puerto Rico bajo la firma y el título oficial del magistrado que la expidiere, dirigida para su ejecución y diligenciamiento a uno, varios o a cualquier funcionario de orden público. Ordenará el arresto de la persona o personas a quienes se les imputare el delito y que una vez arrestadas se les conduzca sin dilación innecesaria ante un magistrado, según se dispone en la Regla 22(a). La orden deberá, además, describir el delito imputado en la denuncia y deberá especificar el nombre de la persona o personas a ser arrestadas y, si los nombres son desconocidos, designará a dichas personas mediante la descripción más adecuada posible que las identifique con razonable certeza. La orden deberá expresar también la fecha y sitio de su expedición, y, cuando ésta se requiera, el monto de la fianza fijada por el magistrado que la expidió.[4]

---

[3] "...

Solo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.

...

Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 10, Carta de Derechos".

[4] La última oración del inciso (b) fue enmendada mediante la Resolución del Tribunal Supremo de 8 de febrero de 1966, para que leyera del siguiente modo:

"La orden deberá expresar también la fecha y sitio de su expedición y, <u>cuando ésta se requiera</u>, el monto de la fianza

La Ley Núm. 29 de 19 de junio de 1987 añadió al inciso (a) de la Regla los párrafos segundo a cuarto. El tercer párrafo lee del siguiente modo:

"En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar testigos en su contra y a ofrecer prueba a su favor".[5]

Con la adición de este tercer párrafo se perseguía eliminar, en algunas instancias, la vista preliminar para la determinación de causa probable para presentar una acusación por delito grave, según manda la Regla 23 de Procedimiento Criminal, con el propósito de acelerar los procedimientos anteriores al juicio. Es por eso que mediante ese estatuto de 1987 también se enmendó la Regla 23 para dispensar de la celebración de la vista preliminar cuando el imputado hubiera estado presente y acompañado de un abogado en la vista de causa probable para el arresto. Véase Pueblo v. Miguel Rivera Rivera, Opinión y sentencia del 21 de abril de 1988, 98 J.T.S. 47.

Posteriormente, mediante la Ley Núm. 26 de 8 de diciembre de 1990, dichas reglas fueron nuevamente enmendadas para reestablecer el estado de derecho anterior a las enmiendas de 1987. En la Exposición de Motivos de esta nueva ley se explicaron las nuevas enmiendas del siguiente modo:

"La Ley Núm. 29 del 19 de junio de 1987 enmendó, entre otras, la Regla 23 de las de Procedimiento Criminal de 1963, según enmendada, a los fines de agilizar el proceso judicial de las acciones criminales en armonía con los derechos sustantivos del acusado. Conforme al inciso (a) de la Regla 23 vigente, solamente se celebra la vista preliminar cuando se imputare a una persona un delito grave y estén presentes cualesquiera de las siguientes circunstancias: el magistrado que hizo la determinación inicial de causa probable para creer que la persona ha cometido el delito imputado no hubiera examinado a ningún testigo con conocimiento personal de los hechos; o cuando el imputado no hubiese estado presente en la determinación inicial de causa probable, o cuando el imputado habiendo estado presente en la determinación inicial de causa probable no estuviese acompañado de abogado.

A tres años de la aprobación de la Ley Núm. 29 de 1989 [1987] sus resultados no han sido los esperados. Entre otros, sus efectos prácticos han sido, en ocasiones, afectar derechos fundamentales del acusado, aumentar los asuntos a ser considerados por el tribunal,

_____

**fijada por el magistrado que la expidió".**

[5] **34 L.P.R.A. Ap. II R.6.**

incluso han llegado a colocar al imputado de delito grave en la difícil situación de seleccionar si comparece o no con su abogado a la vista de determinación inicial de causa probable.

Esta medida revierte la Regla 23 a su estado antes de la enmienda de 1987 con el propósito claro de garantizarle al imputado de delito grave la celebración de una vista preliminar antes de la celebración de juicio en su fondo."

Inexplicablemente, el tercer párrafo añadido al inciso (a) de la Regla 6 por la Ley Núm. 29 de 1987, no fue eliminado. Por lo tanto, según quedó la misma redactada, dicha regla da la impresión de que el imputado puede reclamar el derecho absoluto a estar presente en esa vista, a contrainterrogar los testigos en su contra y a ofrecer prueba a su favor, en cuyo caso la vista se convertiría en un procedimiento adversativo similar al juicio. Dicha interpretación es inconsistente con la disposición de la Regla 6, la cual autoriza la celebración de una vista en ausencia del imputado. Se ha sugerido la eliminación de este párrafo al ser contrario a la intención legislativa.[6]

Tanto la vista que tiene lugar al amparo de la Regla 6, como aquella que se celebra bajo la Regla 23 de Procedimiento Criminal, exhiben características comunes. Ambas reglamentan los procedimientos preliminares al juicio, y tienen por finalidad una determinación de causa probable. En la vista para obtener la orden de arresto, la cantidad de prueba necesaria es la suficiente para creer que se ha cometido un delito y la persona denunciada probablemente lo cometió.[7]. Por lo general el imputado no se encuentra presente durante esta vista. Pero, de estar el imputado presente, entonces éste tiene derecho a estar asistido por su abogado y se le informará de su derecho a permanecer callado. Si estuviera asistido de abogado, será discrecional del magistrado dejarlo contrainterrogar a los testigos presentados[8]. Pueblo v. Miguel Rivera Rivera, supra, pág. 841.

---

[6] Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, Capítulo 21, páginas 25-26 (1993).

[7] 34 L.P.R.A. Ap. II R. 6(a)

[8] Nevárez-Muñíz, Sumario de Derecho Procesal Puertorriqueño, Página 38 (1981).

A la luz de los hechos presentes en este caso y de la normativa antes expuesta, no abusó de su discreción el magistrado al denegar la petición del recurrido para presentar evidencia en la vista celebrada en alzada al amparo de la Regla 6(c) de Procedimiento Criminal para determinar la existencia o no de causa probable para ordenar su arresto.

III

En esta vista en alzada el fiscal puede presentar la misma prueba que presentó en la vista inicial de causa probable para el arresto, parte de dicha prueba o prueba nunca antes presentada[9].

Si luego de celebrada la vista de causa probable en alzada, se determinara que existe causa probable para el arresto, se expedirá una orden de arresto contra el imputado. Esta determinación no es revisable mediante certiorari[10]. Es en la vista preliminar donde el imputado, asistido por su abogado, tendrá la oportunidad de contrainterrogar a los testigos de cargo y de presentar prueba a su favor. Erróneamente, se ha interpretado que contra la determinación de causa probable <u>para el arresto</u> por la comisión de un delito grave, el imputado puede presentar una moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal[11]. Tal moción de desestimación solo procede en casos por delitos graves, <u>luego de presentada la acusación</u>. La determinación de causa probable para el arresto por la comisión de un delito grave <u>no culmina en una acusación</u>, sino en un arresto. Dicha determinación <u>no</u> es revisable mediante la moción reglamentada por la Regla 64(p) de Procedimiento Criminal.

Una moción bajo la Regla 64(p) solicita la desestimación de una "acusación o denuncia". La acusación se define como "una alegación escrita hecha por un fiscal al Tribunal Superior, en la cual se imputa a una persona la comisión de un delito. La primera alegación de parte del Pueblo en un proceso iniciado en el Tribunal Superior será la acusación.

---

[9] **34 L.P.R.A. Ap. II, R 6 (c).**

[10] **Chiesa, supra, pág. 46.**

Se firmará y jurará por el fiscal y se radicará en la Secretaría del Tribunal correspondiente." Regla 34(a) de Procedimiento Criminal.

Por otro lado la denuncia es definida como "la primera alegación en un proceso iniciado en el Tribunal de Distrito". Regla 34(b) de Procedimiento Criminal. En casos de delitos menos graves, la denuncia será la alegación inicial del Estado y posteriormente ese mismo documento se convertirá en el pliego acusatorio o acusación. En el caso de delito grave, la denuncia es solo la alegación inicial que sirve de base a procedimientos anteriores al juicio, pero luego será sustituida por la acusación o pliego acusatorio que servirá de base a las alegaciones del acusado y procedimientos posteriores, como lo es el juicio. Chiesa, _Derecho Procesal Penal de Puerto Rico y los Estados Unidos_, Vol. III, sec. 24.1, Págs. 140-141 (1991).

Cuando se imputa un delito grave, no puede presentarse una acusación hasta después que haya recaído una determinación de causa probable para ello como resultado de la vista preliminar celebrada. Es entonces cuando se autoriza al Ministerio Público a presentarla. Por tanto, en un caso por _delito grave_, la moción de desestimación bajo la Regla 64(p) _no tiene otro efecto que el de revisar la determinación de causa probable para acusar hecha después de celebrada tal vista preliminar_. En consecuencia, no puede revisarse bajo tal regla la determinación de causa probable _para arrestar_ por un delito grave. Es en los casos por delito _menos grave_, después que se ha determinado causa probable para el arresto o citación del imputado, _y una vez que se ha radicado como pliego acusatorio la denuncia que sirvió de base para tal determinación_, cuando está disponible al acusado la moción de desestimación de tal denuncia bajo la Regla 64(p), a los fines de revisar dicha determinación de causa probable _para el arresto_.

Por otro lado, la determinación positiva de causa probable para _acusar_ luego de celebrada la vista preliminar, subsana cualquier error

---

[11] **34 L.P.R.A. Ap. II, R. 64(p).**

que hubiese habido en la determinación de causa probable para <u>arrestar</u>[12].

Así lo reconoce el Profesor Chiesa al manifestar:

> "... En primer lugar, la vista preliminar, como se verá ..., es un procedimiento mas formal y en el cual el imputado tiene más derechos que en el procedimiento de determinación de causa probable para el arresto. En segundo lugar, la vista preliminar constituye una revisión de la determinación de causa probable para el arresto, en cuanto al aspecto central de si se puede o no continuar el proceso criminal contra el imputado."

En resumen, resolvemos que cuando el delito imputado es de carácter grave, el momento oportuno para presentar una moción de desestimación al amparo de la Regla 64(p) es con posterioridad a la presentación de la acusación por tal delito.

## IV

A la luz de los principios antes expuestos, concluimos que actuó correctamente el Tribunal de Primera Instancia al denegar, por prematura, la moción de desestimación presentada por el recurrido al amparo de la Regla 64 (p) de Procedimiento Criminal ya que en ese momento no se había presentado acusación alguna que pudiera ser desestimada. Procede, pues, dictar sentencia revocatoria de aquella dictada por el Tribunal de Circuito de Apelaciones el 26 de junio de 1995 y confirmar, de este modo, la aludida resolución del Tribunal de Primera Instancia.

José A. Andréu García
Juez Presidente

---

[12] **Chiesa, supra, pág 48.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

        Recurrido- Apelante

            v.                          CM-95-1      Apelación

Juan Carlos Jiménez Cruz

        Peticionario-Apelado


                          SENTENCIA


        San Juan, Puerto Rico, a 17 de junio de 1998

        Por los fundamentos expuestos en la Opinión que
antecede, la cual se hace formar parte integrante de la
presente, se dicta sentencia revocando aquella dictada
por el Tribunal de Circuito de Apelaciones el 26 de junio
de 1995 y se confirma la resolución dictada por el
Tribunal de Primera Instancia, Sala Superior de Ponce, el
31 de enero de 1995.

        Lo pronunció y manda el Tribunal y certifica la
Secretaria del Tribunal. El Juez Asociado señor Fuster
Berlingeri concurre en el resultado sin opinión escrita.


                    Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo