ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>VALERIA LÓPEZ LOZANO<br><br>Peticionaria | TA2026CE00156 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: I3TR202500094 I3TR202500095<br><br>Sobre:<br><br>Art. 7.02 y 3.23 Ley 22 |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Valeria López Lozano (peticionaria) presentó una petición de *certiorari* para que revisemos la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de San German, el 15 de diciembre de 2025, en el caso Pueblo v. Valeria López Lozano, caso Criminal Núm. I3TR202500094, sobre Art.7.02 de la Ley 22 de Ley de Vehículos y Tránsito de Puerto Rico.

Revisado el recurso, *denegamos* la expedición del auto de *certiorari*.

## I.

De acuerdo con recurso instado, el 11 de agosto de 2025, se presentaron dos denuncias en su contra por infracción al Artículo 7.02 y Artículo 3.23 A de la Ley 22-2000, conocida como "Ley de Vehículos y Tránsito de Puerto Rico" por unos hechos ocurridos el 25 de julio de 2025.

La denuncia por infracción al Art. 7.02 de la Ley 22 en contra de la peticionaria dispuso lo siguiente:

La referida imputada, VALERIA LOPEZ LOZANO, para el día 24 de julio de 2025, a eso de las 7:00 p.m. y en San German, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de San German, ilegal, voluntaria, maliciosa, a sabiendas y criminalmente violó lo dispuesto en el Art. 7.02 de la Ley 22 de 7 de enero de 2000, enmendada vigente, consistente en que mientras conducía y/o lo hacía funcionar el vehículo de motor marca Mazda 3, año 2008, tabilla HGE-542, por la Carretera 360 km 1,3 frente al Cementerio Porta Coeli de San German, la cual es una vía pública de Puerto Rico, haciendo esto bajo los efectos de bebidas embriagantes. Luego de hechas las Advertencias de Ley, ésta libre y voluntariamente accedió a someterse al análisis de aliento, siendo llevada AL CUARTEL MUNICIPAL DE SAN GERMAN, donde el Agente Santos Martell Morales Placa 27199 le efectuó la misma, arrojando una concentración de 0.347% de alcohol en su organismo.

Violando de esta forma una Ley que lo prohíbe.

Por el Artículo 3.23 A (menos grave) de la Ley 22 (Conducir vehículo sin licencia), la denuncia indicaba como sigue:

La referida imputada, VALERIA LOPEZ LOZANO, para el día 24 de julio de 2025, a eso de las 7:00 p.m. y en San German, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala de San German, ilegal, voluntaria, maliciosa, a sabiendas y criminalmente violó lo dispuesto en el Art. 3.23 de la Ley 22 de 7 de enero de 2000, enmendada y vigente, consistente en que mientras conducía y/o hacía funcionar el vehículo de motor marca Mazda 3, año 2008, tabilla HGE-542, por la Carretera 360 km 1.3 frente al Cementerio Porta Coeli de San German, la cual es una vía pública de Puerto Rico, sin estar autorizada por el Hon. Secretario del Departamento de Transportación y Obras Públicas.

Violando de esta forma una Ley que lo Prohíbe.

El 11 de agosto de 2025, se celebró la vista de determinación de causa para arresto, a tenor con la Regla 6 de Procedimiento Criminal, *infra*.  En esta declaró el Agente Víctor Olivera Sánchez, quien fue el interventor en el caso de epígrafe. La peticionaria incluyó proyecto de transcripción de la prueba oral

desfilada[1], el cual revisamos y armonizamos con el audio de la Regrabación de la Vista de Causa Probable, que nos suplió la Secretaría del Tribunal de San Germán.   Del testimonio surgió lo siguiente:

Agente: Me encontraba trabajando ese día 24 de julio en el turno de por la noche de 7:00 de la noche a 3:00 de la mañana, me encontraba en el Cuartel donde me entró una llamada indicando que en la Carretera 360 en el Km. 1.3 frente al Cementerio Porta Coeli este había habido un accidente sin heridos.

[…]

Agente: Cuando nos personamos al lugar y entrevistamos a las partes cuando voy donde la dama este y le pido sus documentos regulatorios, su registración, licencia he esta pues expedía un olor a alcohol y en el momento de pedirle los documentos este se le indicó que iba a ser llevada al Cuartel de la Policía Municipal.
[…]

Agente: Este pues nosotros teníamos la creencia de que estaba guiando un vehículo de motor bajo los efectos de bebidas embriagantes.

[…]

Agente: Se le leyeron las advertencias de Ley a la dama.

Juez:  Ahí en el lugar.

Agente:  En el lugar se le indicaron ella indicó que sí que las entendía pues procedimos a llevarla al Cuartel y en el Cuartel este se hizo una llamada se llamó a Patrullas de Carretera de Mayagüez y el Agente este Martell fue el que realizó la prueba de alcohol en la máquina Intoxilazer 9000 y dando el por ciento que ya usted conoce el resultado.

Juez: Cuál fue el resultado.

Agente: .34% he hago constar que la dama he lleva poco tiempo según ella me indica aquí en el Estado de Puerto Rico he cuando se le pidió la documentación ella tenía la registración del vehículo y todo al día lo único que no poseía era su licencia de conducir del Estado de Puerto Rico porque ella lo que lleva son dos meses y según lo que ella me indica ella fue a CESCO de Mayagüez y allá le indicaron que tenía 120 días para hacer los trámites para poder sacar la licencia del Estado de Puerto Rico aunque si tiene licencia estaba conduciendo ella tiene una licencia vigente del Estado de Texas que es de donde ella

---

[1] *Moción Para Autorizar Transcripción De Prueba Oral*, SUMAC TA, entrada 3.

viene y está vigente hasta el 2032 que esa fue la que se usó y se le puso el número de licencia del Estado de Texas en el informe de accidente.

Juez: Algo más que quiera añadir.

Agente: No, sería todo.

Evaluado el testimonio, el foro de primera instancia emitió una determinación "de causa" con relación a las denuncias presentadas por violación a los Artículos 7.02 y 3.23 (a) de la Ley 22 de tránsito.

Así las cosas, el 24 de octubre de 2025, la peticionaria presentó una *Moción al amparo de la Regla 64 (p) de Procedimiento Criminal*. Alegó que, en la vista de determinación de causa para arresto, el Ministerio Público no cumplió con su deber de pasar prueba de todos los elementos de delito y su conexión con la acusada. Por tanto, indicó que hubo ausencia total de prueba sobre el elemento de conducir o hacer funcionar un vehículo de motor bajo los efectos de bebidas embriagantes. En cuanto al Artículo 3.23 (A) de la Ley 22 de tránsito, adujo que "del propio testimonio del Agente surgió que la acusada reside en el Estado de Texas y que solo lleva a aproximadamente dos meses en Puerto Rico."[2] Agregó que, "si reside en Estados Unidos y no en Puerto Rico, la Ley la exime del requisito de tener licencia de conducir expedida por el Estado Libre Asociado de Puerto Rico, hasta un periodo máximo excepción de ciento ochenta (180) días."[3] Se refirió al Artículo 3.05 de la Ley 22 de tránsito, que contiene las exenciones al requisito de licencia establecido en el Artículo 3.01 de referida ley 22. Tras ello, adujo que la acusada, al momento de la detención se encontraba en el periodo de

---

[2] Recurso de Certiorari, SUMAC TA, entrada 1, apéndice 4.
[3] Íd.

exención de licencia de conducir establecido por el Artículo 3.05 de la Ley-2000.

En reacción, el 3 de noviembre de 2025, el Ministerio Público presentó *Moción en Oposición a Solicitud de la Regla 64 (p) de Procedimiento Criminal*. A grandes rasgos, alegó lo siguiente:

> Con relación al Artículo 7.02 se presentó todo el proceso que se efectuó desde que el agente llegó al accidente, donde se encontraba la acusada junto a su vehículo y lugar donde esta proporcionó voluntariamente su información como conductora de uno de los vehículos involucrados. Hasta el resultado de la prueba de alcohol realizada a la acusada el cual fue .347%, un porciento sumamente alarmante. A su vez de la misma prueba surge que la acusada se encontraba manejando un vehículo de motor sin estar autorizada por Ley, contrario a lo que establece el Artículo 3.23. El Agente informó en la Vista de Regla 6 que la acusada mencionó que: "llevaba aproximadamente 2 meses en Puerto Rico", información que no había sido corroborada. Asunto que es materia de juicio y no da paso a una Desestimación conforme a lo que establece la Regla 64 (p) de las Reglas de Procedimiento Criminal.[4]

Trabada la controversia, el 15 de noviembre de 2025, notificada el 23 de diciembre de 2025, otro juez del Tribunal de Primera Instancia, emitió una Resolución mediante la cual declaró *No Ha Lugar* la moción de desestimación que presentó la peticionaria. En su decisión, el foro primario aludió a las alegaciones de las partes y concluyó lo siguiente:

> De la prueba presentada por la defensa en su escrito no se establece, a juicio de este Tribunal, ausencia total de prueba en cuanto a los elementos de los delitos imputados y la conexión con la acusada. Los argumentos expuestos por la defensa en cuanto a la apreciación y suficiencia de la prueba hecha por el magistrado que atendió la vista son materia de juicio y no de desestimación al amparo de la Regla 64 (p) de las de procedimiento Criminal.

En desacuerdo con la Resolución, el 29 de diciembre de 2025, la peticionaria presentó una *Moción de Reconsideración*. El

---

[4] Recurso de Certiorari, SUMAC TA, entrada 1, apéndice 6.

16 de enero de 2026, notificada el 20 de enero de 2026, el tribunal de primera instancia la declaró *No Ha Lugar*.

Insatisfecha con la *Resolución* antes mencionada, el 10 de febrero de 2026, la peticionaria Valeria López Lozano compareció ante nos mediante *Certiorari*, señalando la comisión de los siguientes errores:

> **Primero**: Erró el Tribunal de Primera Instancia, al declarar No Ha Lugar la Moción de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal, por ausencia total de prueba, cuando en la Regla 6 no se desfiló prueba alguna de que la peticionaria condujo y/o hizo funcionar algún vehículo de motor.

> **Segundo**: Erró el Tribunal de Primera Instancia al denegar la Moción de Desestimación, a pesar de que no se presentó prueba de que la peticionaria no estuviera autorizada a conducir vehículos de motor en Puerto Rico.

El 11 de febrero de 2026, ordenamos a la Secretaría del Tribunal de San Germán a suplir por correo electrónico la regrabación de toda la prueba testifical presentada en la vista de Regla 6 de Procedimiento Criminal celebrada en este caso y así lo hizo.

De igual manera, el 13 de febrero de 2026, según ordenado, la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en cumplimiento de orden*, el cual hemos revisado.

**II.**

**A.**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A diferencia del

recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz De León, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Pueblo v. Rivera Montalvo, *supra*.

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, 165 DPR 324, 334 (2005); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025) 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor solo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) en error manifiesto o de derecho. Pueblo v. Rivera Montalvo, *supra*, pág. 373.

**B.**

En nuestra jurisdicción, toda acción penal inicia con la presentación de una denuncia y la determinación de causa probable para arresto o con la citación de una persona para que responda ante los foros judiciales por la comisión de un delito. Pueblo v. Jiménez Cruz, 145 DPR 803, 809-810 (1998).

Esta etapa del procesamiento criminal constituye una exigencia constitucional, pues el Art. II, Sec. 10, dispone que será un magistrado quien expedirá los mandamientos autorizando arrestos, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, en la que se describa particularmente las personas a detenerse. 1 LPRA Art. II, Sec. 10.

A tenor con lo anterior, la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II R. 6, regula todo lo concerniente al proceso de determinación de causa probable para arresto, a saber:

Regla 6. Orden de arresto a base de una denuncia

(a)   Expedición de la orden. Si de una denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o **del examen bajo juramento del denunciante o sus testigos**, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a).
[…]
La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o creencia con suficiente garantía circunstancial de confiabilidad.
[…..…]

En esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor.   (Énfasis nuestro).

Según se ha interpretado, lo importante en dicha instancia procesal es que "se provean al magistrado los elementos para que éste pueda inferir la probabilidad de que: 1) se cometió determinado delito; y 2) el delito fue cometido por la persona contra la cual se determina causa probable". Pueblo v. North Caribbean, 162 DPR 374, 381 (2004); Pueblo v. Irizarry Quiñonez, 160 DPR 544, 560 (2003), citando a E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. III, pág. 29.  Claro está, lo importante es que la información provista sea suficiente para que el magistrado encuentre causa probable para creer que se ha cometido un delito

y que el imputado lo cometió. Rivera v. River Martell, 173 DPR 601, 609-610 (2008); Pueblo v. Jiménez Cruz, supra, pág. 813.

**C.**

La Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II. R. 64. establece los fundamentos de la moción para desestimar. En lo aquí pertinente el inciso (p) indica como sigue:

> Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho.

Una solicitud al amparo del mencionado estatuto procederá en dos escenarios: (1) cuando se infringió alguno de los derechos o requisitos procesales de la vista preliminar, o (2) cuando se determinó causa probable para acusar, pese a la ausencia total de prueba sobre alguno de los elementos del delito imputado, incluido entre estos, la prueba sobre la conexión del acusado. Pueblo v. Pérez Delgado, 211 DPR 654, 667 (2023).

El Tribunal Supremo ha destacado que cuando un imputado entienda que el Ministerio Público no presentó prueba que vincule todos los elementos del delito con la persona acusada, podrá atacar la determinación de causa probable y rebatir la presunción de corrección de la cual gozan las determinaciones judiciales a través del mecanismo dispuesto en la Regla 64(p) de Procedimiento Criminal, *supra*. Pueblo v. Pérez Delgado, *supra*, pág. 666; Pueblo v. Guadalupe Rivera, *supra*; Pueblo v. Nieves Cabán, 201 DPR 853, 866 (2019). De esta forma, es al acusado a quien le corresponde el peso de la prueba para establecer que la determinación de causa no fue correcta. Íd.

Por ello, es indispensable que el acusado persuada y demuestre al tribunal que hubo ausencia total de prueba legalmente admisible respecto a alguno de los elementos del

delito o en cuanto a su conexión con el delito imputado. Pueblo v. Pérez Delgado, *supra*, pág. 666-667; Pueblo v. Guadalupe Rivera, *supra*; Pueblo v. Nieves Cabán, *supra*. En ese sentido, el criterio rector es la ausencia total de prueba; esto es, que no se desfiló evidencia sobre el particular. Pueblo v. Pérez Delgado, *supra*, pág. 667; Pueblo v. Nieves Cabán, *supra*; Pueblo v. Negrón Nazario*, supra.* De no cumplirse con este requisito, no procederá la desestimación de la acusación. Íd.

**D.**

El Artículo 7.01 de la Ley 22 del 7 de enero de 2000, según enmendada, conocida como la Ley de Vehículos de Tránsito de Puerto Rico (en adelante, Ley 22), dispone que "[s]erá ilegal y constituirá delito menos grave que será sancionado de conformidad con las penas dispuestas en el Artículo 7.04 el que cualquier persona bajo los efectos de bebidas embriagantes, drogas o sustancias controladas conduzca o haga funcionar cualquier vehículo, vehículo de motor, o vehículo todo terreno." 9 LPRA sec. 5201.

Así, y en cuanto a ello, el Artículo 7.02 de la Ley 22, 9 LPRA sec. 5202 atiende lo relativo al manejo de vehículos de motor bajo los efectos de bebidas embriagantes.

> En cualquier proceso criminal por infracción a las disposiciones del Artículo 7.01 de esta Ley, aplicarán las siguientes normas con relación al nivel o concentración de alcohol existente en la sangre del conductor al tiempo en que se cometiera la alegada infracción, según surja tal nivel o concentración del análisis químico o físico de su sangre, de su aliento, o cualquier sustancia de su cuerpo constituirá base para lo siguiente:
>
> (a) Es ilegal per se, que cualquier persona de veintiún (21) años de edad, o más, conduzca o haga funcionar un vehículo de motor, cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (0.08%) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento.

La Ley 22 de tránsito también regula lo relacionado al manejo de vehículos sin la autorización requerida. La regla básica es que ninguna persona podrá conducir un vehículo de motor por las vías públicas de Puerto Rico sin haber sido debidamente autorizada para ello por el Secretario. Este certificará, mediante licencia, toda autorización para conducir vehículos de motor por las vías públicas. Ver Artículo 3.01 de la Ley 22 de tránsito. 9 LPRA sec. 5051.

A tenor con lo anterior, el Artículo 3.23, 9 LPRA sec. 5073, sobre el uso ilegal de licencia de conducir y penalidades dispone lo siguiente:

Será ilegal realizar cualquiera de los siguientes actos:

(a) Conducir un vehículo de motor por las vías públicas de Puerto Rico sin estar debidamente autorizado para ello por el Secretario o con una **licencia de conducir distinta** a la requerida para manejar dicho tipo de vehículo. Toda persona que viole esta disposición incurrirá en delito menos grave y convicta que fuere será sancionada con pena de multa de doscientos (200) dólares. […]

Ahora bien, el Artículo 3.05 de la Ley 22 de tránsito, 9 LPRA sec. 5055, provee exenciones, en particular, "[e]n el caso de un residente de Puerto Rico o de un Estado o territorio de los Estados Unidos, esta exención solo tendrá vigencia durante los primeros ciento ochenta (180) días desde su llegada a Puerto Rico, y en el caso de un residente de un país extranjero, esta exención solo tendrá vigencia durante los primeros noventa (90) días desde su llegada a Puerto Rico."

### III.

En los señalamientos de error la peticionaria planteó la ausencia total de prueba respecto que esta condujera y operara el vehículo presuntamente involucrado en el accidente. En cuanto al delito relacionado al requisito de poseer una licencia para

conducir en Puerto Rico, alegó que, de un análisis integrado de la Ley 22, se debe concluir que estaba exenta del requisito de la licencia de conducir de Puerto Rico.

El Procurador General por su parte, alegó que el testimonio del agente Olivera Sánchez estableció con claridad la comisión de los delitos y la conexión de la peticionaria con los mismos. Resaltó que la peticionaria no demostró que la determinación de causa probable fuera contraria a derecho bajo los escenarios contemplados en la Regla 64(p) de Procedimiento Criminal, supra.

Examinamos el expediente, prestando particular atención a la *Resolución* recurrida, los escritos de las partes, en conjunto a la grabación de los procedimientos y el derecho aplicable.

Validamos que en la Resolución recurrida que el foro primario realizó un adecuado análisis de la prueba ante sí, según la etapa del proceso.  Tras ello, no detectamos que en este caso se cumplan con los criterios de la desestimación de la acción, a tenor con la Regla 64 (p) de Procedimiento Criminal, *supra*.

La peticionaria no rebatió la presunción de corrección que cobija la determinación recurrida, que nos permita descartar la deferencia que se le debe al juzgador de instancia en esos procesos.  Determinamos que el recurso aquí presentado, no cumple con los criterios de la Regla 40 de nuestro Reglamento, *supra*, que amerite ejercer nuestra función discrecional, para variar la determinación del foro primario.  Tampoco surge del análisis de la prueba que hubiera mediado pasión, prejuicio o parcialidad o algún error manifiesto del foro primario.

Así concluimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

## IV.

Por las razones antes expresadas, denegamos la expedición del auto de *certiorari*.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones